■ THOMAS JONES v CAMAR REALTY CORP. et al.— Per Curiam. After considering submissions from counsel address-

ing the question whether the court should, *sua sponte,* impose sanctions for frivolous conduct on plaintiff's attorney, Bernard Hanft, in connection with plaintiff's motion to reargue or renew his prior motion for leave to appeal from an Appellate Term order, which had been denied, we conclude that a sanction in the amount of $2,000 should be imposed on Mr. Hanft.

Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 (a), the court may impose financial sanctions upon a party or an attorney who engages in "frivolous conduct". Since we find that plaintiff's motion for reargument is "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" and that the motion was made "primarily * * * to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]), we conclude that the motion is frivolous. For reasons that will become clear, however, our finding is against plaintiff's attorney only.

In his 25-page supporting affirmation and seven-page reply affirmation in support of the motion for reargument/renewal —which were accompanied by a total of 29 pages of exhibits— Mr. Hanft failed to raise one coherent argument addressed to the merits of the motion. Rather, he argued, *inter alia,* that at least four of the members of this court who decided the prior motion for leave to appeal "never read" the papers thereon, that the issuance of this court's order denying leave without stating the reasons therefor is unconstitutional in that it "violates the 14th Amendment due process right to a fair hearing" and is "an exercise of untrammeled discretion", that CPLR 5522 (a), which requires the appellate court to state the grounds of its decision only where there is a reversal or modification of a judgment or order, "embodies an unconstitutional classification" and, finally, that three members of the panel were "illegally appointed" to this court.* In addition, Mr. Hanft argued that there should be a trial of certain issues, including whether all of the Judges read plaintiff's papers on the motion for leave to appeal and whether there was "due deliberation" by the Judges in connection therewith. We need not belabor the patent lack of factual and legal merit of these arguments; suffice to say, they speak for themselves.

Nor, in his submissions regarding the question whether sanctions should, *sua sponte,* be imposed, does Mr. Hanft

---

* In his submission addressing the question of sanctions Mr. Hanft retracts the latter claim.

present any mitigating circumstance or persuasive reason for our forbearance. The authority to adopt rules providing for costs and sanctions is, contrary to his argument, derived not only from article VI, § 28 of the New York State Constitution and section 211 of the Judiciary Law, but also from "the inherent power of the court to protect its jurisdiction and judgments and to control its docket" *(Farguson v MBank Houston,* 808 F2d 358, 360 [5th Cir 1986]). Mr. Hanft also argues that he did not have sufficient notice that sanctions against him were being considered. Clearly, however, the letter from the clerk of this court advising Mr. Hanft (and his adversary) that the court "is considering the imposition of sanctions for frivolous conduct against [Mr. Hanft] in connection with plaintiff-appellant's recent motion for reargument/renewal, which was denied by order of this court dated September 27, 1990" and inviting submissions addressing this issue "[p]ursuant to the Uniform Rules for the New York State Trial Courts, Part 130", was sufficiently specific to provide such notice.

We also believe that the motion to reargue was "undertaken primarily to * * * harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Viewed in the context of the "circumstances under which the conduct took place" (22 NYCRR 130-1.1 [c]), the motion is the most recent example of Mr. Hanft's apparent intention to use the courts to advance his personal vendetta against defendants and, so it would seem, the courts themselves, rather than as a means of dispute resolution. According to the affidavit of Sidney Levine, the individual defendant, Mr. Hanft, formerly a tenant in defendants' building, commenced this action for unpaid wages in behalf of the former superintendent, after warning Dr. Levine that "he would get even with [him] by prosecuting claims against [him] that were of no merit * * * and that he would make [Levine] spend money to defend claims, permit them to become inactive, and reactivate them at will." Mr. Hanft does not deny this.

Furthermore, in the original determination appealed from, Judge Lippmann, who granted defendants' motion for summary judgment, noted that "[t]hroughout this burdensome litigation, plaintiff has exhibited the utmost contempt for the court as well as for opposing counsel" and that "in pursuing this baseless action plaintiff has put defendant to considerable expense" and warned that "any further denigration of the court by Mr. Hanft will bring upon him severe penalties." Instead of arguing the merits, Mr. Hanft continues to pursue

his *ad hominem* attack on the judiciary, particularly the members of this court and, apparently, has no regrets regarding his handling of this litigation. The courts, traditionally the last hope of the oppressed, the disappointed and the disenfranchised, must never become the final refuge of the perverse.

As to the appropriate amount of the sanction, we are hopeful that $2,000 is sufficient to restrain Mr. Hanft from engaging in further frivolous motion practice in connection with this litigation; it also takes into account the fact that he is a single practitioner. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.